**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

IMPLICIT, LLC

Plaintiff,

v.

THE HOME DEPOT, INC.

Defendant.

**Civil Action No. 4:21-cv-908**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Implicit, LLC ("Implicit" or "Plaintiff"), for its Complaint against Defendant The Home Depot, Inc., (referred to herein as "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Implicit is a limited liability company organized under the laws of the State of Washington with a place of business at 101 E Park Blvd, Suite 600, Plano, TX 75074.

3. Upon information and belief, Defendant is a corporation organized under the laws of the State of Delaware with retail stores in this District, including stores at 1224 N Central Expressway, Plano, TX 75074 and 1801 West Parker Road, Plano, TX 75023. Upon information and belief, Defendant sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. This Court has personal jurisdiction over the Defendant under the laws of the State of Texas, due at least to its substantial business in Texas and in this judicial district, directly or through intermediaries, including regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas. Venue is also proper in this district because Defendant has a regular and established place of business in this district. For instance, as noted above, Defendant has several stores in this district, including stores at 1224 N Central Expressway, Plano, TX 75074 and 1801 West Parker Road, Plano, TX 75023. (*See* https://www.homedepot.com/l/search/lat:33.01969528198242;lng:-96.69758605957031/full/?lat=33.01969528198242&lng=-96.69758605957031.)

## BACKGROUND

### The Invention

8. Edward Balassanian is the inventor of U.S. Patent No. 8,856,185 ("the '185 patent"). A true and correct copy of the '185 patent is attached as Exhibit A.

9. The '185 patent resulted from the pioneering efforts of Mr. Balassanian (hereinafter "the Inventor") in the area of computer systems and methods to manage access to information using object attributes. These efforts resulted in the development of a novel method and system for attribute management in a namespace in 2002. At the time of these pioneering efforts, the most widely implemented technology used to access various data structures to locate

the object and return its reference relied on namespaces utilizing predefined attributes associated with their objects and logical views of objects that corresponded to the physical organization of the namespace. The Inventor conceived of the inventions claimed in the '185 patent as a way to improve upon these shortcomings and allow for more flexible handling of object attributes and more flexible views into the namespace.

10. For example, as recited in claim 1 of the '185 patent, the Inventor developed a method, comprising:

> storing, at a computer system, information that implements a namespace having a plurality of objects, wherein the stored information includes data for various ones of the plurality of objects that is indicative of attribute values for one or more of a plurality of object attributes;
>
> receiving, by the computer system, an object associated with a user-defined attribute value;
>
> adding, by the computer system, the object associated with the user-defined attribute value to the namespace;
>
> receiving, by the computer system, first and second queries of the namespace that respectively indicate one or more attribute values and organization of query results, wherein the first query indicates relative levels of object attributes within a first hierarchy of object attributes and wherein the second query indicates relative levels of object attributes within a second hierarchy of object attributes;
>
> generating, by the computer system in response to the first and second queries, respective first and second sets of access data usable to access objects in the namespace that have one or more attribute values that match the one or more attribute values specified by the respective first and second queries; and
>
> transmitting, by the computer system, the first and second sets of access data to one or more second computer systems associated with the first and second queries;
>
> wherein the first and second sets of access data are organized using the respective first and second hierarchies, and wherein the second hierarchy includes a given attribute at a level that is different from a level of the given attribute in the first hierarchy.

11. Because of the aforementioned advantages that can be achieved through the use of the patented invention, the '185 patent presents significant commercial value for companies like Defendant. Indeed, Defendant's website ranked 205th of all websites globally in Alexa's "90 Day Trend" for global internet engagement as reported on Alexa.com, visited shortly before the filing of this complaint. (*See* https://www.alexa.com/siteinfo/homedepot.com (last visited November 16, 2021).)

12. The patented invention disclosed in the '185 patent resolves technical problems related to managing access to data structures to locate the object, particularly problems related to flexibility in the handling of object attributes and views into the namespace.

13. The claims of the '185 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '185 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to manage attributes for and views of objects within a namespace wherein multiple queries may be used to access a data structure in a computer system at various levels of hierarchy.

14. The claims of the '185 patent recite inventive concepts that are not merely routine or conventional use of the aforementioned computer systems, but provide a new and novel solution to specific problems related to improving data management and access therein.

15. And finally, the patented invention disclosed in the '185 patent does not preempt all the ways that computer systems may be organized to improve data access, nor does the '185 patent preempt any other well-known or prior art technology.

16. Accordingly, the claims in the '185 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,856,185**

17. The allegations set forth in the foregoing paragraphs are incorporated into this Count I.

18. On October 7, 2014, the '185 patent was duly and legally issued by the United States Patent and Trademark Office under the title "method and system for attribute management in a namespace".

19. Implicit is the assignee and owner of the right, title and interest in and to the '185 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

20. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '185 patent by using its website, specifically its e-commerce platform and the computer systems therein (the "Accused Instrumentalities").

21. Upon information and belief, the Accused Instrumentalities perform a method for storing information that implements a namespace having a plurality of objects. Exemplary infringement analysis showing infringement of all elements of the method recited in claim 1 of the '185 patent is set forth in Exhibit B. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '185 patent. Implicit reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '185 patent.

22. The Accused Instrumentality infringed and continues to infringe claim 1 of the '185 patent during the pendency of the '185 patent.

23. Implicit has been harmed by the Defendant's infringing activities.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Implicit demands a trial by jury on all issues triable as such.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Implicit demands judgment for itself and against Defendant as follows:

A. An adjudication that the Defendant has infringed the '185 patent;

B. An award of damages to be paid by Defendant adequate to compensate Implicit for Defendant's past infringement of the '185 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Implicit's reasonable attorneys' fees; and

D. An award to Implicit of such further relief at law or in equity as the Court deems just and proper.

Dated: November 17, 2021

DEVLIN LAW FIRM LLC

*/s/ James M. Lennon*

James M. Lennon
jlennon@devlinlawfirm.com
Timothy Devlin
tdevlin@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff Implicit, LLC*